IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEVIN O'NEAL MEREDITH                                                                                     PLAINTIFF

v.                                            Civil No. 6:22-CV-06116-SOH-BAB

DEPUTY SHERIFF JULIE GURUN and                                                              DEFENDANTS
DEPUTY SHERIFF BRYAN CHANEY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's continued failure to comply with Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on November 3, 2022. (ECF No. 1). The case was transferred to this District on November 16, 2022. (ECF No. 3). That same day, the Court entered Orders directing Plaintiff to submit an *in forma pauperis* ("IFP") application or pay the filing fee, and to submit an Amended Complaint by December 7, 2022. (ECF Nos. 5, 6). Both Orders advised Plaintiff that failure to submit the required documents by the deadline would result in the dismissal of his case. (*Id*.). When Plaintiff failed to submit either document, the Court entered a Show Cause Order directing Plaintiff to Respond by January 9, 2023. (ECF No. 7). All three Orders, which had been sent to the Hot Springs County Jail, were returned as undeliverable on December 27, 2022, and January 4, 2023. (ECF Nos. 8, 9). The deadline for Plaintiff to inform the Court of his new address was set for January 26, 2023. (ECF No. 8). On February 2, 2023, Plaintiff filed a Notice of Address Change, indicating he had been

1

transferred to the Arkansas Division of Correction Varner Unit. (ECF No. 10). All three Orders were sent to the new address. None were returned as undeliverable. Plaintiff did not respond.

On February 27, 2023, the undersigned entered a Report and Recommendation to dismiss the case. (ECF No. 11). Within the fourteen days provided to Object to the Report and Recommendation, Plaintiff filed an Amended Complaint and a Motion to Proceed IFP. (ECF Nos. 12, 13). On April 27, 2023, the undersigned entered an Order withdrawing the Report and Recommendation to dismiss the case. (ECF No. 14). The Order also noted continued deficiencies with Plaintiff's Amended Complaint and IFP application and ordered Plaintiff to provide a Second Amended Complaint and a completed IFP application by May 18, 2023. (*Id*.). This Order was not returned as undeliverable.

When Plaintiff failed to file either document by the deadline, the undersigned entered a Second Report and Recommendation to dismiss the case on June 5, 2023. (ECF No. 16). Plaintiff filed an Objection on June 22, 2023, stating he had not been receiving mail at his ADC Unit, but had now "acquired access to the law library and proper legal representational help." (ECF No. 17). He asked that he be told what was needed to keep the case from being dismissed. (*Id*.). On July 17, 2023, Chief Judge Hickey declined to adopt the Report and Recommendation, noting Plaintiff's Objection indicated that "he now has the capacity to adequately respond to the Court's orders and prosecute this matter." (ECF No. 18 at 2). It was also noted that Plaintiff had made efforts to comply with Court Orders earlier in the case. (*Id*.). Chief Judge Hickey stressed, however, that "Plaintiff cannot continually rely on the Court's leniency to excuse future failures to obey Court orders." (*Id*. at 3). Plaintiff was directed to submit an Amended Complaint and Completed IFP application by August 31, 2023. (*Id*. at 3). This Order was not returned as

undeliverable. To date, Plaintiff has failed to submit either document or otherwise communicate with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

After being given an additional opportunity to do so, Plaintiff has again failed to comply with a Court Order to submit a Completed IFP Application and an Amended Complaint. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's First Amended Complaint (ECF No. 12) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of September 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE